**STATE of Maine**

v.

**Kathleen PRATT.**

Supreme Judicial Court of Maine.

Argued Oct. 3, 1989.

Decided Oct. 13, 1989.

Before McKUSICK, C.J., and
ROBERTS, WATHEN, GLASSMAN,
HORNBY and COLLINS, JJ.

HORNBY, Justice.

After a jury trial (Androscoggin County, *Delahanty, J.*), Kathleen Pratt was convicted of robbery. On appeal, she challenges the admission of hearsay testimony, the State's use of the victim's testimony, and the Department of Correction's refusal to recommend confinement with intensive supervision outside an institution instead of a prison sentence. We affirm.

■ Shortly after midnight on May 1, 1988, an officer patrolling on lower Lisbon Street in Lewiston observed two females run out of an alley and split in separate directions. Within four seconds, he observed a male come running at full speed out of the apartment building adjacent to the alley, yelling. Over objection, the officer testified that the male screamed to him that a man had just been beaten up and robbed in the alley. Pratt claims that this statement was inadmissible hearsay. We conclude, however, that the circumstances described by the officer furnished an adequate foundation to infer that the statement was an excited utterance, *see State v. Franklin*, 478 A.2d 1107, 1111 (Me.1984); *State v. Hafford*, 410 A.2d 219, 220 (Me. 1980), and therefore within the exception of M.R.Evid. 803(2).

■ Contrary to Pratt's argument, the State did not knowingly use perjured testimony. In its opening argument, the State accurately characterized what it expected the victim's testimony to be. Although the victim then gave testimony that minimized his drinking and removed embarrassing references to the circumstances of the robbery, on cross-examination Pratt's lawyer confronted the victim with his previous, less edited, statements to a police officer. The police officer also subsequently testified concerning what the victim had told him. Unlike *State v. Brunette*, 501 A.2d 419, 422 (Me.1985), this is not an instance of an admitted lie that was uncontradicted,

Janet Mills, Dist. Atty., Kevin J. Regan, Asst. Dist. Atty., Joseph M. O'Connor, Law Student, Auburn, Diane Sleek (orally) Asst. Atty. Gen., Augusta, for plaintiff.

Justin Leary (orally), Robert A. Laskoff, P.A., Lewiston, for defendant.

*see State v. Willoughby,* 507 A.2d 1060, 1070 (Me.), *cert. denied,* 479 U.S. 857, 107 S.Ct. 199, 93 L.Ed.2d 130 (1986); *State v. Cormier,* 535 A.2d 913, 916–17 (Me.1987). Instead, these are simply inconsistencies in the testimony fully ventilated before the jury, and the jury was able to determine what was the truth.

Pratt also challenges the refusal of the Department of Corrections (acting through the Division of Probation and Parole) to recommend her for participation in the intensive supervision program. 17–A M.R.S.A. §§ 1261–66 (Supp.1988). Both parties argue that we should decide this issue on direct appeal because it appears affirmatively from the record and goes to the legality of the sentence. We do not rule on the propriety of the Department's recommendation, however, because the Superior Court ruled that, even had the Department recommended intensive supervision, the court would not have granted it.

The entry is:

Judgment affirmed.

All concurring.